| | |
|---|---|
| **DeNITTIS OSEFCHEN PRINCE, P.C.** | **LAW OFFICES OF TODD M. FRIEDMAN, P.C.** |
| Ross H. Schmierer, Esq. (RS 7215) | Todd M. Friedman, Esq. |
| 525 Route 73 North, Suite 410 | 21550 Oxnard St., Suite 780 |
| Marlton, New Jersey 08053 | Woodland Hills, CA 91367 |
| (856) 797-9951 | (877) 206-4741 |
| rschmierer@denittislaw.com | tfriedman@toddflaw.com |
| | (*Pro Hac Vice* Application Forthcoming) |

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEEBA ABEDI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW AGE MEDICAL CLINIC PA, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. DEEBA ABEDI ("Plaintiff") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of NEW AGE MEDICAL CLINIC PA ("Defendants"), in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer

- 1 -

complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

**JURISDICTION AND VENUE**

6. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of South Carolina, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendants, a New Jersey company headquartered in New Jersey and doing business within and throughout New Jersey. Plaintiff also seeks $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

7. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because Defendants are subject to personal jurisdiction in the County of Essex, State of New Jersey.

**PARTIES**

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of South Carolina. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff is informed and believes, and thereon alleges, that Defendants are, and at all times mentioned herein were, individuals who reside and do business within the State of California. Defendants, are and at all times mentioned herein were "persons," as defined by 47 U.S.C. § 153(39). Defendants provide nutritional and dietary related services. Plaintiff alleges that at all times relevant herein Defendants conducted business in the State of New Jersey and in the County of Essex, and within this judicial district.

- 4 -

10. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

11. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants

**FACTUAL ALLEGATIONS**

12. Defendants are, and at all times mentioned herein were, "persons," as defined by 47 U.S.C. § 153(39).

13. At all times relevant Defendants conducted business in the State of New Jersey and in the County of Essex, within this judicial district.

14. In or about April of 2017, Plaintiff received multiple text messages from Defendants on her cellular telephone, number ending in -3830.

15. During this time, Defendants began to use Plaintiff's cellular telephone for the purpose of notifying Plaintiff of the various promotions Defendant offered on their products by sending Plaintiff hyperlinks to Defendant's websites, which qualify as spam advertisements and/or

promotional offers, via text messages, including text messages sent to and received by Plaintiff on or about April 2017, and continuing through to September of 2017, from a phone number confirmed to belong to Defendant, 313-131. A true and correct copy of the text messages are attached as "Exhibit A".

16. These text messages placed to Plaintiff's cellular telephone were placed via Defendant's *SMS Blasting Platform*, i.e., an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

17. The telephone number that Defendants, or their agent called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

18. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

19. Upon information and belief, Plaintiff alleges that prior to, or around April 2017, Plaintiff visited Defendant's place of business to obtain information about their services. However, Plaintiff did not give Defendant consent to solicit her, through text messaging, about Defendant's services. Accordingly, Defendants and their agents never received Plaintiffs prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

20. These telephone calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

### CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("the Class").

22. Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received any unsolicited text messages from Defendants which text message

was not made for emergency purposes or with the recipient's prior express consent within the four years prior to the filing of this Complaint.

23. Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

24. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using marketing and text messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

25. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

26. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

27. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a) Whether, within the four years prior to the filing of this Complaint, Defendants or their agents sent any text messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing system to any telephone number assigned to a cellular phone service;

   b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

   c) Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

28. As a person that received at least one marketing and text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

29. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

30. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

31. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

32. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

35. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

36. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

39. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

40. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests the Court grant Plaintiff, and The Class members the following relief against Defendants:

A. Certification of the class under Fed.R.Civ.P. 23;

B. On the First Count, as a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

C. On the Second Count, as a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

D. An Order, pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

E. Attorney's fees and costs; and

F. Any other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated, demands a trial by jury on all questions of fact raised by the Complaint.

Dated:  October 5, 2018                     **DeNITTIS OSEFCHEN PRINCE, P.C.**

By:     s/ Ross H. Schmierer
        Ross H. Schmierer, Esq.
        Stephen P. DeNittis, Esq.
        525 Route 73 North, Suite 410
        Marlton, New Jersey 08053
        (T): (856) 797-9951
        rschmierer@denittislaw.com

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
        Todd M. Friedman, Esq.
        *(pro hac vice pending)*
        21550 Oxnard St., Suite 780
        Woodland Hills, CA 91367
        (877) 206-4741
        tfriedman@toddflaw.com

        *Attorneys for Plaintiff*

## **CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated:  October 5, 2018            **DeNITTIS OSEFCHEN PRINCE, P.C.**

                                                      By:    s/ Ross H. Schmierer
                                                               Ross H. Schmierer, Esq.
                                                               Stephen P. DeNittis, Esq.
                                                               525 Route 73 North, Suite 410
                                                               Marlton, New Jersey 08053
                                                               (T): (856) 797-9951
                                                               rschmierer@denittislaw.com

# Exhibit A



**313-131**

**Text Message**
Tue, Apr 4, 12:42 PM

HCG DIET SPECIAL
Two 6 Week HCG Diets $600
Two 4 Week HCG Diets $500
BUY ONLINE: http://clk2.it/1qPqJa

www.hcgdietnj.com
CALL OR TEXT: (908) 598-0509

Fri, Apr 14, 12:46 PM

HCG DIET SPECIAL
8 Weeks Only $395
INJECTIONS or TABLETS!
LOSE 40 POUNDS IN 40 DAYS
CALL or TEXT (908) 598-0509

BUY ONLINE NOW:

Tap to Load Preview

**313-131**

Tue, May 2, 12:09 PM

> New Age Medical Sale:
> 6 Week HCG Diet $400
> 4 Week HCG Diet $300
> 6 Months Sermorelin $1800
> 10 Colonics $400
> 30 MIC Shots $250
> CALL OR TEXT (908) 598-0509

Mon, May 8, 1:58 PM

> New Age Medical Sale:
> 6 Week HCG Diet $395
> 8 Week HCG Diet $495
> 3 Months Sermorelin $900
> 10 Colonics $400
> 30 MIC Shots $250
> CALL OR TEXT (908) 598-0509

Mon, May 22, 12:36 PM

> BUY ONE GET ONE FREE
> TWO 4 Week HCG Diets $500
> TWO 6 Week HCG Diets $600
> TWO 8 Week HCG Diets $700

313-131

**Tue, May 30,** 11:14 AM

HCG DIET SPECIAL
8 Weeks Only $395
INJECTIONS or TABLETS!
LOSE 40 POUNDS IN 40 DAYS
CALL or TEXT (908) 598-0509
TODAY ONLY!
www.HCGdietNj.com

**Mon, Jun 5,** 2:39 PM

BUY ONE GET ONE FREE
TWO 4 Week HCG Diets $500
TWO 6 Week HCG Diets $600
TWO 8 Week HCG Diets $700
Text or Call 908-598-0509
www.hcgdietnj.com

**Thu, Jun 15,** 10:03 AM

TODAY: Buy One Get One Free

TWO 4 Week HCG Diets $500
TWO 6 Week HCG Diets $600

**313-131**

Mon, Jun 26, 8:33 AM

HCG DIET SPECIAL
8 Week diet $395 or
Two six week diets $600
INJECTIONS or TABLETS!
LOSE 40 LBS IN 40 DAYS
www.hcgdietnj.com
CALL or TEXT (908) 598-0509

Fri, Jul 7, 11:43 AM

HCG DIET RESTARTS ONLY
TWO 4 Week Diets $500
TWO 6 Week Diets $600
Injections or tablets
CALL - TEXT 908-598-0509
LOSE 40 LBS in 40 DAYS
www.hcgdietnj.com

Fri, Jul 14, 11:31 AM

HCG DIET SPECIAL
TODAY ONLY
8 Week diet $395 or Two six week



313-131

**Wed, Jul 26, 11:01 AM**

> New Age Medical
> 8 Week HCG Diet $500
> 6 Week HCG Diet $400
> 4 Week HCG Diet $300
> 3 Months Sermorelin $1200
> www.hcgdietnj.com
> CALL OR TEXT (908) 598-0509

**Tue, Aug 1, 10:12 AM**

> Buy One Get One Free
> TWO 4 Week HCG Diets $500
> TWO 6 Week HCG Diets $600
> TWO 8 Week HCG Diets $700
> INJECTIONS or TABLETS
> Text or Call 908-598-0509

**Tue, Aug 8, 11:39 AM**

> HCG DIET SPECIAL
> 8 Week diet $395 or Two six week diets $600
> INJECTIONS or TABLETS!
> LOSE 40 LBS IN 40 DAYS



**313-131**

Wed, Sep 6, 11:45 AM

> HCG DIET:
> 4 weeks $295
> 6 weeks $395
> 8 weeks $495
> Growth Hormone (High Dose Sermorelin): 6 Mths $1800 http://clk2.it/o4uVjL
> call or text (908) 598-0509

Tue, Sep 19, 11:53 AM

> HCG DIET SALE
> 8 Week diet $395 or Two six week diets $600
> INJECTIONS or TABLETS
> CALL or TEXT (908) 598-0509
> 6 Months Growth Hormone (Sermorelin) $1800

Tuesday 12:31 PM

> HCG DIET SALE TODAY
> ONE 8 Week Diet $395
> TWO 4 Week Diets $500